MAX HECHT, complainant,

*v.*

LEONARD HOOGMOED, WILLIAM PETERS and AMERICAN
FURNISHINGS, INCORPORATED, a corporation of New
Jersey, defendants.

[Decided February 17th, 1932.]

*Messrs. Saltzman & Bunevich* and *Messrs. Minturn &
Weinberger,* for the complainant.

*Mr. Sigmond Unger,* for the defendants.

LEWIS, V. C.

A bill was filed by Max Hecht to set aside a sale made
March 24th, 1930, by the sheriff of Passaic county, to de-
fendant Peters, of the accounts receivable and other assets
of defendant Hoogmoed. Peters was a judgment creditor
of Hoogmoed and bid the property in for $250. Hoogmoed
went into bankruptcy on April 3d, 1930, and the bill of
complaint herein was filed on the 16th day of April, 1930.
The trustee in bankruptcy of Hoogmoed, subsequently elected,
has been made a party complainant.

The suit is based on the claim that the sheriff's sale was
in fraud of creditors. It is claimed that the accounts receiv-
able and other assets bought by Peters at the sheriff's sale
for $250 were actually worth $12,000, and that this dispro-
portion is itself proof of fraud. It has, however, been well
settled that mere inadequacy of sale price is not sufficient
in itself to invalidate the sale. *Smith* v. *Duncan, 16 N. J.
Eq. 240; West Ridgelawn Cemetery* v. *Jacobs, 105 N. J.
Eq. 579.*

Complainant Hecht makes the further contention that at the time of the sheriff's sale, no leave had been given by the court authorizing the sale of the accounts, in accordance with the provisions of section 3 of chapter 115, of the laws of 1915. This seems, however, to have been cured by a *nunc pro tunc* order entered December 6th, 1930, giving authority to the sheriff to make the sale. It will be presumed that the supreme court acted within its powers in making this order, and I therefore consider that this order validated the sale by the sheriff.

It appeared at the hearing that the trustee in bankruptcy had no knowledge of any fraud, that Hoogmoed had been discharged in bankruptcy and that the trustee had likewise been discharged.

The proof is barren of any evidence of fraud in connection with the sale and a decree will be advised dismissing the bill of complaint.